IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clinton Lamont Mason, #83995A, ) | C/A No. 0:09-1189-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Kindle Johnson of York County Public Defender's ) | |
| Office, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Clinton Lamont Mason ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the York County Detention Center in York County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that the attorney defendant has negligently handled his criminal matters. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim on which relief may be granted. Further, the court finds that Younger v. Harris, 401 U.S. 37 (1971), requires that the court abstain from addressing Plaintiff's Complaint.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449

*PJG*

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that he has been incarcerated in the York County Detention Center ("YCDC") since August 8, 2008, and that the defendant was appointed to be his attorney in December 2008. Plaintiff alleges that he moved for a reduction in the amount of his bond and that the defendant failed to pursue reducing his bond even though Judge Hayes "gave a continuance for Jan. 19, 2008."[1] Plaintiff alleges that the defendant has been negligent by failing to keep him informed about his case and that she is not "using the evidence which is at her disposal to negotiate with that [sic] would venerate me of all charges." Plaintiff further alleges that the defendant used "deceitful ploys to look busy on

---

[1]This 2008 date is apparently a typographical error; Plaintiff most likely meant 2009.



my case by proposing fabricated plea offers from Solicitor's office." Plaintiff states that others in the YCDC are "experiencing the same hardships due to the blatant neglect of council [sic] per Kindle V. Johnson." Plaintiff's complaint does not allege what type of relief he seeks.

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

The Complaint fails to state a claim upon which relief may be granted as to Defendant Kindle Johnson. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. Plaintiff cannot proceed against his appointed attorney in a § 1983 case because the attorney has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).



Even if the defendant had acted under the color of state law, the Complaint fails to state a cognizable claim because the alleged facts merely sound in negligence. Negligence, in general, is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73, (4th Cir. 1995) (applying Daniels v. Williams and Ruefly v. Landon:  "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]").

Moreover, Plaintiff's Complaint fails to state a claim on which relief may be granted because it does not ask for any relief.  When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions."  Humphreys v. Renner, No. C 94-2071 MHP, 1996 WL 88804 (N.D. Cal., Feb. 26, 1996), following FCC v. Pacifica Found., 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); see also Public Serv. Co. v. United States Envtl. Prot. Agency, 225 F.3d 1144, 1148 n. 4 (10th Cir. 2000) (company's failure to ask for relief constitutes a request for an advisory opinion, which is barred by Article III).  Even applying liberal pleading standards as required by the Supreme Court in Erickson v. Pardus, 127 S.Ct. 2197 (2007), and Rule 8 of the Federal Rules of Civil Procedure, there is no demand for relief in the Complaint, compensatory, injunctive, or otherwise.  See Jones v. Bock, 549 U.S. 199, 214 (2007) (noting that prior to the PLRA § 1915(d) permitted *sua sponte* dismissal only if an action was frivolous or malicious, and that now § 1915(e) provides that failure to state a claim is a separate ground for *sua sponte* dismissal).

PJG

Additionally, to the extent that Plaintiff alleges that his constitutional right to effective assistance of counsel is being violated, this court should abstain from interfering with the pending state criminal proceedings in York County. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44. Here, Plaintiff can vindicate his federal constitutional rights during the state proceedings. Therefore, this court should abstain from ruling on Plaintiff's § 1983 claim.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 27, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).